FILED

2016 May-02  PM 06:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **CHARLES R. HOWARD, et al.,** | } | |
| | } | |
| **Plaintiffs,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:15-cv-02238-RDP** |
| | } | |
| **WELLS FARGO BANK, N.A.,** | } | |
| | } | |
| **Defendant.** | } | |

## MEMORANDUM OPINION

### I.   Introduction

This case is before the court on Defendant's Motion To Dismiss (Doc. # 5) pursuant to Federal Rule of Civil Procedure 12(b)(6), filed December 18, 2015.  The Motion is fully briefed. (Docs. # 6, 9, 12).  On January 15, 2016, the court notified the parties it was converting the Motion into a Federal Rule of Civil Procedure 56 motion for summary judgment.  (Doc. # 13). Because Plaintiffs are proceeding *pro se*, the court gave them express notice of the summary judgment rules and of their right to file evidentiary materials in opposition, and that they may submit a Rule 56(d) affidavit.  (*Id.*).  Defendant submitted a supplemental memorandum of law and exhibits.  (Doc. # 14).  Plaintiffs submitted nothing.  After careful review, and for the following reasons, the court concludes the Motion is due to be granted, and this case is due to be dismissed.

### II.   Facts and Procedural History[1]

On February 6, 2008, Plaintiffs purchased real property located at 7639 Old Dixiana Road in Pinson, Alabama (the "Property"), located in Jefferson County.  (Docs. # 1-2, 9 at Ex. A,

---

[1]  The facts set out in this opinion are gleaned from the parties' submissions of facts claimed to be undisputed, any responses to those submissions, and the court's own examination of the evidentiary record.  All reasonable doubts about the facts have been resolved in favor of the nonmoving party. *See Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002).

14-1).  They received a Joint Survivorship Deed for the Property, which was recorded in the Office of the Judge of Probate for Jefferson County, Alabama, on February 11, 2008.  (*Id.*).  Also, on February 6, 2008, Plaintiffs executed a fixed rate mortgage note  in the amount of $190,400.00 in favor of Wachovia Mortgage, FSB ("Wachovia") (the "Note"), secured by a mortgage (the "Mortgage," and, together with the Note, the "Loan") on the Property.  (Docs. # 6-1, 14-2).  The Mortgage was recorded in the Office of the Judge of Probate for Jefferson County, Alabama, on February 11, 2008.  (*Id.*).  Defendant Wells Fargo Bank, N.A., is the successor by merger to Wachovia.  (Doc. # 1-2).

In August 2013, Plaintiffs stopped making payments to Defendant.  (Doc. # 1-2 at ¶ 6).  On March 26, 2014, Defendant sold the Property at a foreclosure sale.  (Doc. # 14-3).  Defendant purchased the Property at the sale, became the holder of the Foreclosure Deed dated March 26, 2014, and recorded it in the Office of the Judge of Probate for Jefferson County, Alabama, on April 3, 2014.  (*Id.*).  The law firm of Sirote & Permutt, P.C. sent Plaintiffs a Notice to Vacate the Property on April 4, 2014.  (Doc. # 14-4).  Subsequently, on April 10, 2014, Defendant filed a complaint for possession in Jefferson County Circuit Court, case no. 01-CV-2014-901523.00.  (Docs. # 1-2 at ¶ 6, 14-5).  At some point Plaintiffs vacated the Property, although the exact date is not clear.  (*See* Docs. # 1-2 at ¶ 6, 14-6).  Accordingly, Defendant filed a motion to dismiss without prejudice its complaint in Jefferson County Circuit Court, (*Id.*), and, on December 1, 2014, that case was dismissed.  (Doc. # 14-7).

Defendant transferred its interest in the Property to non-parties Gordon and Mitzi Gamble via a Special Warranty Deed dated April 24, 2015.  (Docs. # 1-2 at ¶ 7, 14-8).  The Special Warranty Deed was recorded in the Office of the Judge of the Probate for Jefferson County on May 8, 2015.  (Doc. # 14-8).

Plaintiffs, proceeding *pro se*, filed the instant Complaint on April 10, 2014, in the Circuit Court of Jefferson County, Alabama. (Doc. # 1-2). In their Complaint, they allege that in October 2010, Plaintiff "Charles Howard entered into a private agreement with a private individual to perform an act between October 14, 2010 until April 27, 2011, to satisfy the demands for the remaining balance on a loan" from Wachovia. (*Id.* at ¶ 4). They further allege that after completing the unspecified task, the demand for the remaining balance of the Mortgage was satisfied, and they received as a receipt from the Probate Court a Joint Survivorship Deed. (*Id.* at ¶ 5). No other allegations or supporting materials were submitted in support of these claims. Plaintiffs request a declaratory judgment stating the following: the Mortgage was paid in acceptance of the demands of the holder of the security instrument (*i.e.*, Defendant); the deed received from the Probate Court is in Plaintiffs' possession; the Property belongs to and is owned by Plaintiffs; and Defendant has no rights to the Property and the Gambles are trespassing. (Doc. # 1-2).

Defendant removed the case to this court on December 9, 2015. (Doc. # 1). Subsequently, Defendant filed its dismissal motion pursuant to Rule 12(b)(6). (Doc. # 5). In that Motion, Defendant argues that Plaintiffs' Complaint violates applicable federal pleading rules, and, in any event, they are not legally entitled to the relief they seek. (Doc. # 6). Defendant attached copies of the Mortgage and Foreclosure Deed to their brief. (Docs. # 6-1, 6-2).

Plaintiffs have responded and asserted they now hold (and have held) the Joint Survivorship Deed during the Wachovia-Wells Fargo merger and the subsequent foreclosure auction on the Property. (Doc. # 9). Thus, they contend that Defendant could not have lawfully obtained the Property during the merger or at foreclosure without purchasing the Joint Survivorship Deed from Plaintiffs. (*Id.*). Additionally, Plaintiffs assert they were denied due process when the Probate Judge certified the Foreclosure Deed, thereby essentially creating

"dueling" deeds. (*Id.*). Plaintiffs attached to their brief six exhibits, which are copies of the following: (Ex. A) the Joint Survivorship Deed; (Ex. B) an Acknowledgment Letter from Wachovia dated January 28, 2008, concerning Plaintiff's application for the Loan; (Ex. C) the Joint Survivorship Deed (again); (Ex. D) Defendant's state-court complaint against Plaintiffs; (Ex. E) the December 1, 2014 Order of Dismissal in that case; and (Ex. F) the Special Warranty Deed conveying the Property from Defendant to the Gambles. (*Id.*). Defendant's reply brief counters that Plaintiffs are mistaken as to Alabama law concerning mortgages because Alabama is a "title" state, and Defendant did not need the original Joint Survivorship Deed to foreclose on the Mortgage. (Doc. # 12).

The court observes that the Eleventh Circuit has directed district courts that *pro se* plaintiffs "must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice" where a more carefully drafted complaint might state a claim. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (*en banc*).[2]  However, the Eleventh Circuit has recognized two exceptions to this directive: the general rule does not apply "(1) where the plaintiff has indicated that he does not wish to amend his complaint; and (2) where a more carefully drafted complaint could not state a claim and is, therefore, futile." *Johnson v. Boyd*, 568 F. App'x 719, 723 (11th Cir. 2014) (internal citations omitted).  Here, based on the pleadings alone, the court determines that Plaintiffs could not state a claim with a more carefully drafted complaint, and that permitting such an amendment would be a futile exercise.  Moreover, due to the number of extraneous documents attached to the papers by both

---

[2] *Wagner* overruled *Bank*, holding that "[a] district court is not required to grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." *Wagner*, 314 F.3d at 542.  However, *Wagner* recognized that it "intimate[d] nothing about a party proceeding *pro se*." *Id.* at 542 n.1.  The Eleventh Circuit has since indicated that the *pro se* rule referenced above remains unchanged by *Wagner*. *See Johnson v. Boyd*, 568 F. App'x 719, 723 (11th Cir. 2014).

parties, the court converted Defendant's Rule 12(b)(6) motion into one for summary judgment under Rule 56. (Doc. # 13). In the conversion Order, the court notified Plaintiffs of their right to file affidavits and any other materials in opposition, instructed Plaintiffs of the summary judgment rules, and informed them of their right to file a Rule 56(d) affidavit. (*Id.*). Plaintiffs did not accept this invitation. They filed nothing. Defendant filed a supplemental memorandum with evidentiary materials. (Doc. # 14). In the supplemental brief, Defendant repeats its "title" state argument, and asserts that Plaintiff's inability to introduce admissible evidence demonstrating that the Loan was satisfied prior to the foreclosure sale (which would make that sale void) precludes granting the requested relief. (*Id.*).

## III.    Standard of Review

Rule 12(d) provides that if, in a Rule 12(b)(6) motion, "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."[3] Fed. R. Civ. P. 12(d); *see also Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1267 (11th Cir. 2002) (citations omitted) ("Whenever a judge considers matters outside the pleadings in a 12(b)(6) motion, that motion is thereby converted into a Rule 56 Summary Judgment motion."). Under a Rule 12(b)(6) motion, a district court is "generally addressing questions of law. A summary judgment, on the other hand, carries far greater impact since it results in a final adjudication of the merits." *Finn v. Gunter*, 722 F.2d 711, 713 (11th Cir. 1984). Upon conversion to a Rule 56 motion, the court must comply with the requirements of Rule 56. *Trustmark Ins.*, 299 F.3d at 1267.

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

---

[3] The Eleventh Circuit has determined that a ten-day notice is required. *Prop. Mgmt. & Invs., Inc. v. Lewis*, 752 F.2d 599, 605 (11th Cir. 1985) (citations omitted). The court provided that notice. (Doc. # 13).

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. Once the moving party has met its burden, Rule 56(c) requires the non-moving party to go beyond the pleadings and – by pointing to affidavits, or depositions, answers to interrogatories, and/or admissions on file – designate specific facts showing that there is a genuine issue for trial. *See id.* at 324.

The substantive law will identify which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("*Anderson*"). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *See Allen v. Bd. of Pub. Educ. For Bibb Cty.*, 495 F.3d 1306, 1314 (11th Cir. 2007); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine, "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See id.* at 249.

When faced with a "properly supported motion for summary judgment, [the non-moving party] must come forward with specific factual evidence, presenting more than mere allegations." *Gargiulo v. G.M. Sales, Inc.*, 131 F.3d 995, 999 (11th Cir. 1997). As *Anderson v. Liberty Lobby, Inc.*, teaches, under Rule 56(c) a plaintiff may not simply rest on her allegations made in the complaint; instead, as the party bearing the burden of proof at trial, she must come forward with at least some evidence to support each element essential to her case at trial. *See Anderson*, 477 U.S. at 252. "[A] party opposing a properly supported motion for summary

6

judgment 'may not rest upon the mere allegations or denials of [her] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial.'" *Id.* at 248 (citations omitted).

Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. "Summary judgment may be granted if the non-moving party's evidence is merely colorable or is not significantly probative." *Sawyer v. Southwest Airlines Co.*, 243 F. Supp. 2d 1257, 1262 (D. Kan. 2003) (citing *Anderson*, 477 U.S. at 250-51).

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. "Essentially, the inquiry is 'whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Sawyer*, 243 F. Supp. 2d at 1262 (quoting *Anderson*, 477 U.S. at 251-52); *see also LaRoche v. Denny's, Inc.*, 62 F. Supp. 2d 1366, 1371 (S.D. Fla. 1999) ("The law is clear . . . that suspicion, perception, opinion, and belief cannot be used to defeat a motion for summary judgment.").

## IV.    Analysis

In order for the court to determine whether Plaintiffs are entitled to any of the relief they request in their Complaint, it is necessary to first determine the validity of the foreclosure sale. "In a *direct* attack on a foreclosure—that is, an action seeking declaratory and injunctive relief . . . to set aside the sale after it has occurred—any circumstance in the foreclosure process that would render the foreclosure sale void or *voidable* may be asserted." *Campbell v. Bank of Am., N.A.*, 141 So.3d 492, 494 (Ala. Civ. App. 2012) (emphases in original and internal citations

omitted).   The *Campbell* court, looking to a commentator, expounded on that principle as follows:

> Courts frequently speak of flaws in [nonjudicial-foreclosure] sales so serious that they produce a void sale. . . .   What the courts mean in denominating a sale as void is that adversely affected parties may have a sale set aside even though the property passed into the hands of a bona fide purchaser.   In this sense of the term, there are very few void sales.   Most of the cases in which a sale to a bona fide purchaser was set aside involved sales by trustees or mortgagees who lacked the power to sell.

*Id.* at 495 (quoting 12 Thompson on Real Property §§ 101.04(c)(2) and 101.04(c)(2)(i) at 401-02 (Thomas ed. 1994)) (changes in *Campbell*).   But,

> [w]here a defect is not so egregious as to make the sale utterly void but not so inconsequential as to be overlooked, the sale will be voidable; that is, it can be set aside at the request of an injured party so long as the legal title has not moved to a bona fide purchaser.   This follows from the traditional common law rule that a subsequent bona fide purchaser of a legal title takes free of hidden equities.   The right of an injured party to set aside a deed because of flaws that produce only a voidable title is an equitable right cut off by transfer to a bona fide purchaser.

*Id.* (quoting 12 Thompson on Real Property § 101.04(c)(2)(ii) at 403).   Therefore, the court must determine whether the purchasers of the Property from Defendant (*i.e.*, the Gambles) are bona fide purchasers for value.[4]

### A.      The Non-Party Gambles Are Bona Fide Purchasers for Value

"A bona fide purchaser for value is a purchaser who: (1) purchases legal title to real property, (2) without actual or constructive notice of any infirmities, claims, or equities against the title."   *Perine v. Jackson*, 545 So.2d 1318, 1319 (Ala. 1988) (citing *Rolling "R" Constr., Inc. v. Dodd*, 477 So.2d 330, 331-32 (Ala. 1985); *First Natl. Bank of Birmingham v. Culberson*, 342 So.2d 347, 350 (Ala. 1977)).   "The rule of property in Alabama as elsewhere is that the record of

---

[4] The court observes that, because the Gambles are not parties to the case, it does not have jurisdiction over them and cannot issue any declaration as to whether they are trespassing on the Property.   *See Infant Formula Antitrust Litig., MDL 878 v. Abbott Labs.*, 72 F.3d 842, 843 (11th Cir. 1996).   Nonetheless, Defendant asserts that they are bona fide purchasers for value, and, thus, Plaintiffs must prove the foreclosure sale was void.   (Doc. # 14).   Indeed, the determination is necessary to resolve the issues presented against Defendant, and may be determined without ruling on the current occupational status of the Property.

a mortgage is constructive notice to everybody." *Id.* (quoting *Hendley v. First Natl. Bank*, 180 So. 667, 675 (Ala. 1937)) (changes and internal quotation marks omitted). But, "[i]t is well settled in Alabama that foreclosure of a mortgage extinguishes the debt to the amount of the purchase price, if that amount is less than the debt, or extinguishes the entire debt if the purchase price is more than that amount."[5] *Davis v. Huntsville Prod. Credit Assn.*¸ 481 So.2d 1103, 1104-06 (Ala. 1985) (citations omitted).

Here, the Mortgage was foreclosed upon and purchased by Defendant at the March 26, 2014 foreclosure sale. (*See* Doc. # 14-3). Defendant then received a Foreclosure Deed for the Property. (*Id.*). And, Defendant conveyed the Property to the current non-party occupants and owners (*i.e.*, the Gambles) for $145,000.00. (Docs. # 1-2 at ¶ 7, 14-8). Therefore, when the Gambles purchased the Property from Defendant, and were granted the Special Warranty Deed, there would have been no outstanding Mortgage on record. (Doc. # 14-8). Accordingly, the court concludes the Gambles were bona fide purchasers of the Property.

### B.     The Foreclosure Sale Is Not Void

Because the court finds the Gambles were bona fide purchasers, Plaintiffs must show the foreclosure sale was void in order to be entitled to the relief requested in the Complaint. They have not come close to doing so. That is, they have produced no evidence to suggest any factual issues concerning the sale, and their arguments are unsupported by law.

---

[5] Moreover, the foreclosure of a valid senior mortgage cuts off all subordinate interests in the Property unless junior lienors redeem within the time period specified by Alabama Code § 6-5-248. *Cameron v. Meadowbrook Grp.*, 730 So.2d 234, 235 (Ala. Civ. App. 1999). And, "a purchase money mortgage takes priority over both previous and subsequent claims." *Sunshine Bank of Ft. Walton Beach v. Smith*, 631 So.2d 965, 968 (Ala. 1994) (citation omitted). A purchase money mortgage is a mortgage on land executed to secure the money used by the purchaser of the land to buy it. *Id.* (citation omitted). Thus, the Mortgage at issue here is a purchase money mortgage. (*See* Doc. # 14-2; *see also* Doc. # 9 at Ex. B). Although not raised in the Complaint, Plaintiffs in their opposition brief contend that the Joint Survivorship Deed is a legal lien on the Property. (Doc. # 9 at 2). Even if this statement were legally correct, that lien would be junior to the Mortgage held by Defendant until the foreclosure sale.

In Alabama, there are four recognized circumstances that may render a foreclosure sale void:

> (1) when the foreclosing entity does not have the legal right to exercise the power of sale, as, for example, when that entity is neither the assignee of the mortgage, nor the holder of the promissory note at the time it commences the foreclosure proceedings; (2) when the debt secured by the mortgage was fully paid prior to foreclosure; (3) when the foreclosing entity failed to give notice of the time and place of the foreclosure sale; and (4) when the purchase price paid is so inadequate as to shock the conscience, it may itself raise a presumption of fraud, trickery, unfairness, or culpable mismanagement, and therefore be sufficient ground for setting the sale aside.

*Campbell*, 141 So.3d at 495-96 (internal citations and quotations omitted).  Here, notice of the foreclosure sale and the adequacy of the purchase price are not at issue.[6]  Thus, the foreclosure sale is void only if the debt secured by the Mortgage was fully paid prior to foreclosure, or if Defendant had no legal right to exercise the power of sale.

### 1.      Plaintiffs Have Not Proven the Loan Was Paid in Full

Plaintiffs request the court to declare the Mortgage was paid, rending foreclosure void.  Of course, they bear the burden of establishing that the Loan was satisfied before the foreclosure sale.  *Berry v. Howell*, 5 So.2d 405, 406 (Ala. 1941).  But, Plaintiffs' only argument in support of their requested relief is an averment that an unnamed "private individual" agreed in a "private agreement" to satisfy the remaining payments owed on the Loan.  (Doc. # 1-2 at ¶ 4).  Despite an opportunity to submit additional evidence, they have not provided anything supporting this allegation.[7]  "A plaintiff cannot defeat summary judgment by relying upon conclusory allegations. . . ."  *Hill v. Oil Dri Corp. of Ga.*, 198 Fed. Appx. 852, 858 (11th Cir. 2006) (*per curiam*) (citing *Holifield v. Reno*, 115 F.3d 1555, 1564 n. 6 (11th Cir. 1997)).  "To survive

---

[6] And, a review of the record supports the adequacy of the purchase price ($173,692.00).  (Doc. # 14-3).

[7] In fact, the only evidence Plaintiffs provided is a copy of the Joint Survivorship Deed with the Probate Judge's certification dated February 11, 2008.  (Doc. # 9 at Ex. A).  This deed does not support an allegation of payment of the Mortgage because Plaintiffs already received the deed when they acquired the Property with the Loan from Defendant.  (*See id.*; Doc. # 14-1).

summary judgment, opposing affidavits [or other evidentiary material] must set forth *specific facts* showing that there is an issue for trial." *Id.* (citing Fed. R. Civ. P. 56(e); *Leigh v. Warner Bros.*, 212 F.3d 1210, 1217 (11th Cir. 2000)).

Instead of submitting supporting factual materials, Plaintiffs admitted that, after the Wachovia-Wells Fargo merger, Defendant continued to demand payment, but they "stopped paying" Defendant in August 2013.  (Doc. # 1-2 at ¶ 6).  These allegations are not conclusory. Furthermore, Defendant has not challenged them, and the court considers them undisputed facts. (*See* Doc. # 14).  *See also* Fed. R. Civ. P. 56(e)(2).  And, even if these averments were not due to be accepted as true, Plaintiffs' claims fail for a separate reason:  they have not met their burden of proving through evidence and specific factual allegations that they fully paid the Mortgage prior to the foreclosure sale.  Accordingly, as a matter of law, the sale is not voided by full payment of the Mortgage.

### 2.    Defendant Had the Legal Right To Exercise the Power of Sale

Plaintiffs also seek a declaration that they are the owners of the Property and that Defendant has no rights to it.  (Doc. # 1-2).  In support of this assertion (or so it appears), they contend that, because they hold the Joint Survivorship Deed, Defendant had no right to foreclose on the Mortgage.  (*Id.*; Doc. # 9).  The court disagrees.

The Supreme Court of Alabama has explained:

Alabama classifies itself as a "title" state with regard to mortgages.  Execution of a mortgage passes legal title to the mortgagee.  The mortgagor is left with an equity of redemption, but upon payment of the debt, legal title invests in the mortgagor.  The equity of redemption may be conveyed by the mortgagor, and his grantee secures only an equity of redemption.  The payment of a mortgage debt by the purchaser of the equity of redemption invests such purchaser with the legal title.  The equity of redemption in either case, however, is extinguished by a valid foreclosure sale, and the mortgagor or his vendee is left only with the statutory right of redemption.

*Trauner v. Lowery*, 369 So.2d 531, 534 (Ala. 1979) (internal citations omitted).  Here, Plaintiffs executed a mortgage with Wachovia, which was the predecessor to Defendant.  (Doc. # 1-2 at ¶ 2; Doc. # 14-2; *see also* Doc. # 14-3).  Thus, Defendant held the legal title to the Mortgage, while Plaintiffs had an equity of redemption.  Defendant therefore had the right to foreclose on the Mortgage if Plaintiffs failed to comply with its terms.  (Doc. # 14-2 at 15).  *See Ex parte GMAC Mortg., LLC*, 176 So.3d 845, 848-52 (Ala. 2012) (discussing right to exercise foreclosure); *see also Coleman v. BAC Servicing*, 104 So.3d 195, 205 (Ala. Civ. App. 2012) (holder of note "entitled to exercise the right to foreclose under the mortgage").

Two items of undisputed evidence indicate that Plaintiffs breached the terms of the Mortgage: Plaintiffs' admission that they stopped making payments and the Foreclosure Deed (written by non-party Corvin Auctioneering, LLC).  (Doc. # 1-2 at ¶ 6; Doc. # 14-3 ("WHEREAS, default was made in the payment of the indebtedness secured by said mortgage, and the said Wells Fargo Bank, . . . did declare all of the indebtedness secured by said mortgage, subject to foreclosure as therein provided. . . .")).  Plaintiffs have provided no evidence which contradicts either of these items found in the Rule 56 record.  Accordingly, Defendant "became the absolute owner of the property by the merger of the equity of redemption and the legal title following [its] foreclosure of [Plaintiffs]' mortgage" on March 26, 2014.  (*See* Doc. # 14-3).  *Ala. Home Mortg. Co., Inc. v. Harris*, 582 So.2d 1080, 1083 (Ala. 1991) (citations omitted).  "After the merger of the legal and equitable titles in [Defendant], [Defendant] then made an outright conveyance of its interest to the [non-party Gambles]" via Special Warranty Deed on April 24, 2015.  *Ala. Home Mortg.*, 582 So.2d at 1083; (Doc. # 14-8).  "The effect of this [] deed was to convey to the [Gambles] all right, title, and interest possessed by [Defendant] at the time of the execution of the deed."  *Id.*

Finally, and in the alternative, even if Plaintiffs lost their equitable right of redemption at the time of the foreclosure sale, they still retained their statutory right of redemption. *See* Ala. Code § 6-5-248. But, the statutory right of redemption must be exercised "within 180 days from the date of the sale for residential property on which a homestead exemption was claimed in the tax year during which the sale occurred, or within one year from the date of the sale for all other property." *Id.* at § 6-5-248(b). Thus, the latest deadline for Plaintiffs to exercise their right of redemption was March 26, 2015. They have provided no evidence suggesting they timely did so or attempted to redeem.

Therefore, because Defendant had the right to foreclose on the Mortgage, and actually did foreclose on it, the foreclosure sale is not void. Furthermore, by foreclosing, Defendant extinguished Plaintiffs' legal title to the Property, and Plaintiffs did not timely exercise their right of redemption. Defendant obtained the legal and equitable title to the Property at the foreclosure sale and validly conveyed that title. For all these reasons, the court concludes Plaintiff has no rights to the Property.

## V.      Conclusion

For these reasons, Defendant's Motion (Doc. # 5) is due to be granted, and this case is due to be dismissed. A separate order will be entered.

**DONE** and **ORDERED** this May 2, 2016.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE